**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ROBERT F. STEARNES-TAYLOR,**

    **Plaintiff / Petitioner,**

                                        Civil Action 2:11-cv-218
    v.                               Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge E.A. Preston Deavers

**THE STATE OF OHIO,**

    **Defendant / Respondent.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff-Petitioner, Robert F. Stearnes-Taylor, filed this action on March 11, 2011, seeking *in forma pauperis* status. This matter is before the Court for consideration of Mr. Stearnes-Taylor's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), which the Court **GRANTS** and his request for Counsel (ECF No. 1-2), which the Court **DENIES**. The Court is unable to ascertain the nature of Mr. Stearnes-Taylor's claims from the unnamed "complaint" that he filed.[1] Regardless of whether the complaint is characterized as a petition for writ of habeas corpus, the undersigned **RECOMMENDS** that the Court dismiss this action because there is no basis for awarding Mr. Stearnes-Taylor the relief he requests.

In his unnamed complaint (ECF No. 3), which is in the form of a letter written to Ohio Attorney General Mike DeWine, Mr. Stearnes-Taylor references his state and federal

---

[1] On his civil cover sheet, he checked the box for civil rights habeas corpus petition, but he also checked boxes indicating that the nature of his suit was contract, torts, real property, and property rights, among others. The Clerk docketed his unnamed complaint as a petition for a writ of habeas corpus. (ECF No. 3.)

convictions, but does not appear to challenge them. He asks Mr. Dewine to "work out [his] release from the[] attached Federal Sentence . . . ." (*Id*. at 6.) He also appears to request "a credit-line backed by the state of Ohio" or the issuance of "community building bonds" to finance the charitable activities he intends to pursue upon his release. (*Id*.) In a later letter to the Court (ECF No. 16), Mr. Stearnes-Taylor again indicates that he is requesting the Court to order the state of Ohio to issue community building bonds and to have Ohio's leaders work with him on his charitable pursuits. He expresses his concern that he may not be awarded relief in time for his release, which, at the time, he anticipated would be July 26, 2011.

Regardless of whether the Court construes Mr. Stearnes-Taylor's unnamed complaint as a petition for writ of habeas corpus, the Court is required to conduct a preliminary review to determine if he may proceed. If construed as a habeas action, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) provides that district courts "must promptly examine" state prisoner habeas petitions and must dismiss the petition "[i]f it plainly appears . . . that the petitioner is not entitled to relief." If not, the Court must screen the action under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend *sua sponte* dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A.

The undersigned has reviewed Mr. Stearnes-Taylor's unnamed complaint, and finds that he has failed to state a claim upon which relief may be granted. In addition, the undersigned finds that he is not entitled to the relief he requests (*i.e.*, an order requiring Ohio to finance his charitable pursuits upon his release). Accordingly, it is **RECOMMENDED** that the Court *sua sponte* **DISMISS** Mr. Stearnes-Taylor's action.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: August 31, 2011                              /s/ *Elizabeth A. Preston Deavers*
                                                                        Elizabeth A. Preston Deavers
                                                                        United States Magistrate Judge